IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROLANDO CALDERILLA | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-404 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Rolando Calderilla, an inmate confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background and Prior Proceedings

On March 28, 2019, following an open plea of guilty in the 356th Criminal District Court of Hardin County, Texas, Petitioner was convicted of aggravated assault with a deadly weapon, Cause No. 23812.  Petitioner was sentenced to a term of twenty years' imprisonment.

Petitioner appealed his conviction to the Ninth Court of Appeals in Beaumont, Texas.  On June 24, 2020, the intermediate appellate court affirmed the trial court's judgment.  *See Calderilla v. State*, No. 09-19-00114-CR, 2020 WL 3454929 (Tex. App. - Beaumont June 24, 2020, no pet.) (Doc. 10-24 at 19-21.).  Petitioner did not file a Petition for Discretionary Review.  *Id.*

Petitioner filed one state Application for Writ of Habeas Corpus.  On June 23, 2021, the Texas Court of Criminal Appeals denied the Application without written order based on the findings of the trial court.  Petitioner filed the above-styled Petition on July 30, 2021.

The Petition

Petitioner filed this Petition for Writ of Habeas Corpus asserting the following grounds for review:

1. He was deprived of filing a Petition for Discretionary Review because appellate counsel failed to properly inform him;

2. He was denied due process when the trial court failed to withdraw his plea of guilty *sua sponte* when evidence raised an issue of self-defense;

3. He was denied the effective assistance of counsel making his plea involuntary because:

    a. Counsel failed to inform him of the defense of self-defense;

    b. Counsel informed him he would receive a maximum sentence of fifteen years' confinement by pleading guilty to the trial court pursuant to an open plea;

    c. Counsel failed to inform him of a fifteen year plea bargain offer;

    d. Counsel failed to object, move to withdraw the guilty plea, or file a motion for new trial when there was no factual basis to support his guilty plea; and

    e. Counsel failed to consult with him through an interpreter that spoke the same dialect of Spanish;

4. Appellate counsel provided ineffective assistance by:

    a. Failing to consult with him about filing an *Ander's* brief and was unaware Petitioner could not understand English, either written or spoken, at the time of the *Ander's* brief;

    b. Lying and failing to file a motion for new trial; and

    c. Failing to raise the issue that the trial court should have withdrawn his guilty plea *sua sponte*; and

5. He was denied a fair and impartial trial when the trial judge expressed his personal bias during sentencing.

## The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent denies all of Petitioner's assertions of fact, except those supported by the record or specifically admitted in the response. The Respondent also contends several grounds for relief were not properly exhausted and are now procedurally barred. Further, the Respondent asserts that the Petition be dismissed because Petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a Petitioner from relitigating issues that were adjudicated on the merits in state court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a Petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.

3

*See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

<u>Analysis</u>

I.   *Exhaustion and Procedural Default*

The Respondent contends that Petitioner's claims 1, 2, 3(a), 3(c)-(e), and 4 are unexhausted and procedurally barred. As a result, the Respondent asserts that such claims should be dismissed.

A person in custody pursuant to the judgment of a state court generally must exhaust available state habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court in a procedurally proper manner according to the rules of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a Petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the Petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."), *cert. denied*, 543 U.S. 1056 (2005); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("where Petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement").

In order to have "fairly presented" his federal claim, the Petitioner must have reasonably alerted the state courts to the federal nature of his complaint. *Baldwin*, 541 U.S. at 29-33. "A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights." *Wilder*, 274 F.3d at 260. Moreover, the court explained that "to hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement." *Id*.

A review of Petitioner's state proceedings reveals that the Respondent is correct in his assertion that Petitioner did not fairly and properly present his claims 1, 2, 3 (a), (c), (d), and 4 to the highest state court in a procedurally correct manner. Petitioner failed to raise the claims now asserted on either direct appeal or in his only properly filed state habeas application. Therefore, the

Texas Court of Criminal Appeals has not had an opportunity to review petitioner's claims. Accordingly, Petitioner's claims 1, 2, 3 (a), (c), (d), and 4 are unexhausted.

If a Petitioner has failed to exhaust state court remedies and the court to which the Petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review, irrespective of whether the last state court to which the petitioner actually presented his claims rested its decision upon an independent and adequate state ground. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). The Texas abuse-of-the-writ doctrine is an "independent and adequate" state procedural rule. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (holding that the Texas Court of Criminal Appeals has strictly and regularly denied state habeas applications for abuse of the writ since 1994). "Texas' abuse of the writ doctrine is a valid state procedural bar foreclosing federal habeas review." *Coleman v. Quaterman*, 456 F.3d 537, 542 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007); *Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008). Since Petitioner did not properly raise these claims in his state application for writ of habeas corpus, these claims are procedurally barred. Thus, Petitioner did not exhaust his claims and is procedurally barred from doing so now.

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice or a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, Petitioner has failed to demonstrate either cause, prejudice or a miscarriage of justice. Accordingly, Petitioner is not entitled to federal habeas corpus relief on these grounds for review as the claims were not exhausted and are procedurally barred. Thus, claims 1, 2, 3 (a), (c), (d), and 4 should therefore be dismissed.

II.     *Ineffective Assistance of Counsel*

In Claim 3(b), Petitioner claims counsel provided ineffective assistance of counsel, Petitioner contends, *inter alia,* counsel was ineffective because counsel informed him he would receive a maximum sentence of fifteen years' confinement by pleading guilty to the trial court pursuant to an

6

open plea. Additionally, a review of Petitioner's state habeas Application reveals Petitioner arguably exhausted Claim 3(e) as his Claim 2 in the state habeas Application. Accordingly, Claim 3(e) is also addressed here.

 A. <u>Standard of Review</u>

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986).

The Supreme Court has addressed the issue of what a Petitioner must prove to demonstrate an actual ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a Petitioner must show that counsel's actions "fell below an objective standard of reasonableness." *Id*. at 689. In evaluating counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. at 689.

In order to prove the prejudice prong, "there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Coleman v. Vannoy*, 963 F.3d 429, 433 (5th Cir. 2020) (internal quotation omitted). Further, a "petitioner must affirmatively prove, not just allege, prejudice." *Id*. (internal quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington,* 562

U.S. at 104. To satisfy the prejudice prong, the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

In order to prevail on an ineffective assistance of counsel claim, a Petitioner "must meet both the deficient performance and prejudice prongs of *Strickland*." *Wong v. Belmontes*, 558 U.S. 15, 16-17 (2009). If a Petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

When a Petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

B.     Trial Counsel

On state habeas review, the state court found in pertinent part the following:

**FINDINGS OF FACT**

*Effectiveness of Trial Counsel's Assistance*

. . .

8

8. Applicant contends trial counsel coerced and induced him into pleading guilty by assuring him he would receive a sentence of no more than 15 years in prison. *Writ Application*, pp. 6-7.

9. Applicant presented this argument on direct appeal. *Appellants' Brief on Direct Appeal*, filed in Cause No. 09-19-00114-CR on October 21, 2019 ("*Appellant's Brief*"), pp. 10-11.

10. The court of appeals rejected Applicant's argument. *Calderilla*, No. 09-19-00114-CR, 2020 WL 3454929, at *1.

11. Prior to the trial court accepting Applicant's plea, trial counsel confirmed on the reporter's record that counsel and Applicant had discussed the case and "all [Applicant's] different options[,]" including "to go to trial or continue to go to trial that we started already," and Applicant "decided that it would be best . . . to go to the judge and let the judge decide your punishment." *Trial Reporter's Record ("TRR")* IV 15-16.

12. Applicant was repeatedly admonished of the punishment range for the offense to which he was pleading guilty and reminded that he was entering an open plea with no agreement as to what sentence would be assessed. *Clerk's Record ("CR")* 28-31; TRR IV 7, 9, 12-13, 17.

13. Applicant repeatedly confirmed he had not been promised any outcome; understood the range of punishment he was facing; that the trial judge had full discretion to sentence him to any term within that range; and that he understood the proceedings and the consequences of his plea. *CR* 28-31; *TRR* IV 7, 12-13, 15-17.

14. Applicant was properly advised regarding the range of punishment he was facing.

15. Applicant was not promised he was facing anything less than the full range of punishment.

*Voluntariness of Plea*

. . .

19. Applicant is a primarily Spanish-speaking individual and was assisted throughout the trial court proceedings by an interpreter and translator. *TRR* IV 5-7; *TRR* V 4.

20. Trial counsel retained an interpreter to assist him in communicating with Applicant. *TRR* IV 6-7.

21. The plea paperwork was read to Applicant in Spanish and the plea proceeding and sentencing hearing were translated into Spanish for Applicant. *TRR* IV 2, 4-8; *TRR* V 2, 4.

22. Never did Applicant claim during the plea or sentencing proceedings that he did not understand the translator's translation or the proceedings. *See, generally, TRR* IV; *TRR* V.

23. Prior to accepting Applicant's plea and finding him guilty, it was confirmed that the plea paperwork had been discussed with Applicant in Spanish and that he "fully underst[oo]d what's going on here and what you're looking at and the consequences of your actions." *TRR* IV 7-8.

24. Applicant proclaimed that he was pleading guilty freely and voluntarily, because he was, in fact, guilty and for no other reason, that no one threatened or promised anything in order to coerce his plea, and that he was proceeding with his plea only after consulting with counsel and "considering all your options." *TRR* IV 14-15.

25. Applicant understood the proceedings and counsel took all necessary steps to effectively communicate with Applicant. *TRR* IV 5-13, 17-18.

. . .

## CONCLUSIONS OF LAW

*Effectiveness of Trial Counsel's Assistance*

. . .

7. Specific ineffective assistance of counsel claims raised and rejected on direct appeal cannot be relitigated on habeas. *Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004).

. . .

12. Even if Applicant's ground is considered on the merits, Applicant has failed to show that trial counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists the result of the proceeding would have been different but for trial counsel's alleged errors. *Strickland*, 466 U.S. at 687-88, 694; *Thompson*, 9 S.W.3d at 813.

*Voluntariness of Plea*

13. Applicant's claim was raised and rejected on direct appeal and therefore is not cognizable on habeas. *Hood*, 304 S.W.3d at 402 n.21, 409; *Reynoso*, 257 S.W.3d at 723.

. . .

17. Applicant understood the proceedings, adequate interpretive services were provided to Applicant, counsel took all necessary steps to effectively communicate with Applicant, and Applicant's plea was entered freely, knowingly, and voluntarily.

(Doc. 10-24 at 63-69.)

Petitioner was properly admonished by the court, with the assistance of an interpreter, prior to accepting his plea of guilty. Additionally, Petitioner received written plea admonishments. (Doc.

10

10-24 at 9). Counsel retained an interpreter to assist him in communicating with Petitioner. Petitioner was advised that he was charged with Aggravated Assault with a Deadly Weapon and the punishment range for the charged offense was two to twenty years of confinement and an optional fine not to exceed $10,000.00. *Id.* Further, the Court of Criminal Appeals found that adequate interpretive services were provided to Petitioner, he understood the proceedings, and Petitioner's plea was entered freely, knowingly, and voluntarily.

This court must accept as correct any factual determinations made by the state courts unless the Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez,* 274 F.3d at 948 n. 11. In this case, Petitioner has failed to satisfy his burden of rebutting the presumption of correctness by clear and convincing evidence.

Petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner's claims 3 (b) and (e) are without merit and should be denied.

### III.   *Judicial Bias*

In his remaining ground, Claim 5, Petitioner claims he was denied a fair and impartial trial when the trial judge expressed his personal bias during sentencing. Specifically, Petitioner claims the judge made the following statement at sentencing which he asserts exhibited bias: "Just look at his face, make me sick."

On state habeas review, the state court found in pertinent part the following:

**FINDINGS OF FACT**

. . .

33. Applicant's sentence is within the applicable punishment range for the offense of aggravated assault with a deadly weapon as charged in the indictment. TEX. PENAL CODE ANN. § 22.02(a), (b); *CR* 2 (indictment).

11

> 34. The full range of punishment was considered prior to assessment of Applicant's sentence and Applicant's sentence was not based on any consideration other than the seriousness of the offense and Applicant's culpability. *TRR* V 37-38.
>
> **CONCLUSIONS OF LAW**
>
> . . .
>
> 18. Applicant's claim was raised and rejected on direct appeal and therefore is not cognizable on habeas. *Hood*, 304 S.W.3d 402 n.21, 409; *Reynoso*, 257 S.W.3d at 723.
>
> 19. A defendant may not assert error pertaining to his sentence or the punishment proceedings when he did not object or otherwise raise error in the trial court. *Ex parte Crispen*, 777 S.W. 2d 103, 105 (Tex. Crim. App. 1989) (generally, a failure to object will preclude habeas review of a claim just as it would on direct appeal); *see also* TEX. R. APP. P. 33.1(a).
>
> 20. Applicant's failure to object to his sentence when it was assessed precludes habeas review of his claim.
>
> 21. Sentencing decisions fall squarely within the discretion of the trial court and will not be set aside absent an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).
>
> 22. Generally, a penalty assessed within the proper statutory punishment range will not be disturbed. *Jackson*, 680 S.W.2d at 814; *Gerhardt v. State*, 935 S.W.2d 192, 196 (Tex. App. - Beaumont 1996, no pet.).
>
> 23. Applicant's sentence is within the applicable punishment range for the offense of aggravated assault with a deadly weapon as charged in the indictment and was assessed only after consideration of the full range of punishment, the seriousness of the offense, and Applicant's culpability.

(Doc. 10-24 at 66-69.)

This court must accept as correct any factual determinations made by the state courts unless the Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez,* 274 F.3d at 948 n. 11. In this case, the habeas court found that Petitioner's sentence was assessed only after consideration of the full range of punishment, the seriousness of the offense, and Petitioner's culpability, implicitly finding Petitioner was afforded a fair and impartial trial and there was no judicial bias. Petitioner has failed to satisfy his burden of rebutting the presumption of correctness by clear and convincing evidence.

Petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner's claim is without merit and should be denied.

IV.     *Unexhausted Claims*

Finally, in his traverse to the Respondent's answer, Petitioner raises the following issue: "Whether the Texas Court of Criminal Appeals' denial of the Petitioner's State habeas corpus application upon its independent review of the record satisfies the exhaustion requirements for any and all claims that could have been raised or that is within the mainstream of the litigation?" (Doc. 16 at 1.) In addition to the claims Petitioner actually raised in his state Application, Petitioner argues that the state habeas court should have independently scoured the record and reviewed "any possible claims that could have been stated or presented under the facts, or that was within the mainstream of the litigation." (Doc. 16 at 2.) Petitioner provided no citation to relevant law supporting his argument, nor is the court aware of any.

The Texas Court of Criminal Appeals rejected Petitioner's claims raised on habeas review, denying relief. The Court of Criminal Appeals, however, is not required to review "any and all claims that could have been stated or presented," as Petitioner contends. All claims not properly presented to the Texas Court of Criminal Appeals are procedurally barred from review in this action.

Even assuming, *arguendo*, Petitioner's claims are not barred from review in this proceeding, the claims are without merit. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding as to any of his claims. Accordingly, Petitioner's grounds for relief should be denied.

Recommendation

The above-styled Petition for Writ of Habeas Corpus should be denied and dismissed.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 23rd day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE