IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROLANDO CALDERILLA | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv404 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Rolando Calderilla, an inmate confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled petition for writ of habeas corpus. The Court denied and dismissed the petition on August 30, 2024.

Petitioner filed a notice of appeal and motion to proceed *in forma pauperis* on appeal [Dkt. 27]. On January 6, 2025, the Court denied petitioner's motion to proceed *in forma pauperis* on appeal because petitioner failed to provide a statement of his prisoner account. Petitioner has now filed a motion for reconsideration of the order [Dkt. 34].

Analysis

FED. R. CIV. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A) after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2) *Further Action After a Nonjury Trial*.** After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(e) Motion to Alter or Amend Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Petitioner's motion for reconsideration was not received by the Court until February 10, 2025, thirty-five days after the denial of his motion. As petitioner's motion was not filed within twenty-eight days from the date of denial order, petitioner's motion is liberally construed as a motion pursuant to Rule 60 and will be considered accordingly.

Rule 60, FED. R. CIV. P., provides in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Petitioner states he does not read or write English and is a native of Mexico. Petitioner claims he inadvertently mailed a letter to the court without the copy of his prisoner account. Additionally, petitioner has now provided a copy of the statement. After careful consideration of the circumstances in this case, the Court is of the opinion that petitioner's motion warrants relief from the order. Accordingly, petitioner's motion for reconsideration should be granted.

In light of petitioner's meritorious motion for reconsideration, the Court has reviewed and reconsidered petitioner's motion to proceed *in forma pauperis* on appeal. After reviewing petitioner's application solely on the basis of financial status, the court finds that petitioner meets the indigency requirements of 28 U.S.C. § 1915.

ORDER

For the reasons set forth above, petitioner's motion should be granted. It is

ORDERED that petitioner's motion for reconsideration [Dkt. 12] is GRANTED. It is further

ORDERED that petitioner's application to proceed *in forma pauperis* on appeal is GRANTED.

**SIGNED this 20th day of February, 2025.**

_____
Michael J. Truncale
United States District Judge